IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| vs. | * |
| | CASE NO. 4:07-CR-59 (CDL) |
| MICHAEL HARRIS, | * |
| Defendant | * |

O R D E R

Pursuant to the Government's motion (Doc. 47), the Court held a hearing on February 8, 2008, concerning a possible conflict of interest in the above captioned case. The alleged conflict arises due to defense counsel's previous representation of a client who will testify against defense counsel's current client in this case. For the following reasons, the Court finds the existence of an actual conflict of interest that requires the disqualification of Defendant's current attorney.

BACKGROUND

Defendant is charged with conspiracy to distribute more than five kilograms of cocaine. One of the Government's witnesses is a convicted drug dealer who was previously represented by Defendant's current attorney. That witness, in an effort to reduce his sentence, has been cooperating with the Government. The witness has informed the Government that Defendant was involved in drug distribution activities as alleged in the indictment.

The Government contends that defense counsel's representation of this witness creates an actual conflict of interest requiring that Defendant's attorney be disqualified from further representation of Defendant in this case. Defendant contends that no actual conflict yet exists, and that an actual conflict will only arise if the case goes to trial and Defendant's counsel is required to cross-examine his other client. Defendant also seeks to waive any conflict if one does exist. Defendant argues that regardless of the conflict, he has the right to counsel of his choice. Having been fully informed of all of the consequences of proceeding with conflicted counsel, Defendant wishes to proceed with his present counsel.

## DISCUSSION

"The Sixth Amendment guarantees criminal defendants that in all criminal prosecutions, the accused shall enjoy the right to have the Assistance of Counsel for his defense." *United States v. Ross,* 33 F.3d 1507, 1522 (11th Cir. 1994) (internal quotation marks and alterations omitted). "[A]n essential part of that right is the accused's ability to select the counsel of his choice." *Id.* (citing *Powell v. Alabama,* 287 U.S. 45, 53 (1932)). Consequently, "a criminal defendant has a presumptive right to counsel of choice, . . . and courts should hesitate to disqualify defense counsel." *Id.* at 1522-23 (citing *Wheat v. United States*, 486 U.S. 153, 164 (1988)).

The right to counsel of choice, however, is not absolute. "In determining whether or not to disqualify defense counsel, the court

2

must balance two Sixth Amendment rights: (1) the right to be represented by counsel of choice and (2) the right to a defense conducted by an attorney who is free of conflicts of interest." *Ross,* 33 F.3d at 1523 (citing *Wheat*, 486 U.S. at 160). For example,

> [t]he need for fair, efficient, and orderly administration of justice overcomes the right to counsel of choice where an attorney has an actual conflict of interest, *such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial.*

*Id.* (citing *United States v. Casiano,* 929 F.2d 1046, 1052 (5th Cir. 1991)) (emphasis added). Thus, "[w]hen an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." *Id.* (citation omitted).

In this case, Defendant's current lawyer previously represented a person who will be called as a witness against the Defendant. This constitutes an actual conflict of interest. Defendant's attorney argues that no actual conflict presently exists because his previous client has not testified, and a conflict will only arise when his previous client is called to testify at trial. Defense counsel explains that his representation is not compromised until that time and, therefore, he should be permitted to represent Defendant during any pretrial proceedings, including possible plea negotiations and subsequent sentencing associated with a guilty plea.

In deciding whether a conflict warrants disqualification, the "goal is to discover whether the defense lawyer has divided loyalties

3

that prevent him from effectively representing the defendant." *Ross*, 33 F.3d at 1523 (citing *United States v. Moscony,* 927 F.2d 742, 750 (3d Cir. 1991)). It is clear that if the case proceeded to trial, defense counsel's divided loyalties would prevent him from effectively representing his client. He would be torn between (1) using privileged communications to cross-examine his previous client in an effort to represent his current client and (2) his obligation not to disclose such communications. He would also be deterred from intense probing of his former client on cross-examination in order to avoid disclosure of such privileged communications. Therefore, defense counsel's interests would be irreconcilable and would require disqualification.

Defense counsel maintains, however, that his previous representation of a witness against his current client does not pose a disqualifying conflict until the time of trial. Thus, he should be permitted to represent the Defendant during pretrial proceedings, including plea negotiations and sentencing proceedings if a plea is made. Defense counsel's position presents a myopic view of his duties. To suggest that defense counsel could erect an ethical "Chinese wall" segregating his divided loyalties during pretrial proceedings ignores common sense and human nature.

It is folly to suggest that defense counsel will not face the same temptations regarding disclosure of client confidences from his former client in an attempt to negotiate the best plea deal possible

4

for the Defendant in this case.  Failing to do so would violate his obligation to provide zealous advocacy to his current client.  His duty of undivided loyalty will require him to discredit the proffered testimony and credibility of his former client in order to minimize the impact of that evidence on his present client's negotiated plea. He will undoubtedly be tempted to use privileged communications from that former client to assist his present client.  Furthermore, since his former client has the possibility of a Rule 35 motion to reduce his sentence, defense counsel has a duty to encourage him to fully cooperate to get the best deal available.  Therefore, defense counsel has a direct conflict in encouraging his former client to fully cooperate to receive a reduction in his sentence while at the same time being obligated to try to discredit any such testimony to get his current client a lower sentence.  The conflict is obvious and cannot be minimized simply by attempting to finesse it with good intentions.[1]

The final step of the analysis is to determine whether the Defendant should be allowed to waive the conflict.  "Even where an

---

[1] Any suggestion that pretrial issues do not typically present conflicts of interest that can impair effective representation ignores common sense and well established case law. *See generally, e.g., Burden v. Zant,* 24 F.3d 1298 (11th Cir. 1994) (finding an actual conflict where public defender represented two defendants who had been arrested for murder and he informally obtained immunity for one defendant in exchange for cooperation against the other); *Ruffin v. Kemp,* 767 F.2d 748 (11th Cir. 1985) (finding actual conflict where one attorney arranged a plea bargain for one client that required his testimony against another client); *Ford v. Ford,* 749 F.2d 681 (11th Cir. 1985) (conflict existed where one attorney represented two murder defendants and state agreed to waive death penalty only if both defendants pled guilty).

5

actual conflict exists subjecting the attorney to disqualification, the client may waive this conflict of interest and elect to have the attorney continue representation, so long as that waiver is knowing, intelligent, and voluntary." *Ross*, 33 F.3d at 1524 (citation omitted). In this case, Defendant has expressly and unconditionally waived his right to conflict-free representation. The Court, however, is not required to accept this waiver. *Id.* (citing *Wheat*, 486 U.S. at 162); *see also U.S. v. Campbell*, 491 F.3d 1306, 1312 (11th Cir. 2007). The Court has an independent duty to ensure the adequacy of representation, to protect the integrity of the court, and to avoid future attacks over adequacy of waiver and fairness of trial. *Id.* Under the circumstances of this case, the Court refuses Defendant's waiver of his right to conflict-free representation. Accordingly, the Government's motion (Doc. 47) is granted, and Defendant's current lawyer is disqualified from further representation of him in this case.

IT IS SO ORDERED, this 8th day of February, 2008.

                                                S/Clay D. Land
                                                   CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE