IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | * | |
| Petitioner, | * | Case No. 4:10-CV-90078 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 4:07-CR-59 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Harris's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

## Procedural History

Petitioner Harris was originally indicted in this court on December 5, 2007. (Doc. 1). On February 13, 2008, a Superseding Indictment was returned against him charging two Counts of Conspiracy to Distribute More Than Five Kilograms of Cocaine in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § (b)(1)(A)(ii). (Doc. 56). Petitioner Harris entered into a Plea Agreement with the Government on August 4, 2008, and pleaded guilty to Count One of the Superseding Indictment. (Docs. 81, 82). On January 27, 2009, Petitioner was sentenced to a term of 264 months imprisonment. (Doc. 97). The docket record reflects that both Petitioner and his counsel were furnished with Appeal Information Packages at the sentencing, with a recitation of the appeal time limits specified by Fed.R.App.P. 4(b). (Doc. 98). More over, Petitioner Harris stipulated in his Plea Agreement with the Government that " defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. (Doc.

81 at (3)(H). As to an appeal of his conviction, "The general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction. *United States v. Reynolds,* 215 F.3d 1210, 1215 (11th Cir. 2008); *see United States v. Broce,* 488 U.S. 563, 569 (109 S.Ct. 757, 762 (1989). The sentence was entered as the Judgment of the case on February 2, 2009. (Doc. 99). The docket record shows that Petitioner Harris filed nothing further until January 8, 2010, at which time he wrote a letter to the Office of the Clerk of this Court requesting the following:

> Dear Sir or Madam:
>
> I respectfully request the name of the court reporter who prepared the sentencing transcript for my sentencing hearing on or about January 25, 2009, so that I can order a copy in order to prepare (m)y § 2255 petition before expiration of the time plus 90 days as is allowed defendant's who do not file a petition for writ of certiorari.
> As time is of the essence, I ask to be provided with the name of the court reporter at your earliest possible convenience so that I can both order and make payment as the sentencing transcript is needed for my § 2255 petition.

(Doc. 103). It should be noted that at the more than eleven months had elapsed since Petitioner's sentencing. A Deputy Clerk furnished Petitioner Harris the name and address of the Court Reporter who took down the Sentencing Hearing on January 27, 2009, transcribed the same, and filed it in the record on March 9, 2010. (Docs. 104, 105).

On April 22, 2010, Petitioner Harris filed (per his signature date) a Motion To Vacate, Set-Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 106). Petitioner Harris opens his § 2255 Motion to Vacate stating:

> Now comes Petitioner Michael A. Harris ... and timely files this 28 U.S.C. § 2255 Motion to Vacate, Set-Aside, Or Correct Sentence ("§ 2255 Motion") pursuant to both the "prison mailbox rule" and the "90 day rule."

2

The mailbox rule which has been established and followed in this Circuit is derived from the following case law. In *Washington v. United States,* 243 F.3d 1299, 1300 (11th Cir. 2001), the court held: "A prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing. *See Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999). Petitioner seeks to add the mailbox rule a claim for application of *the 90 day rule,* which is derived from Supreme Court Rule 13.3, which provides:

> [A] petition for a writ of certiorari to review a judgement in any case entered by . . . a United States court of appeals is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.

Petitioner's claim that his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 was timely filed pursuant to the "mailbox rule" and the "90 day rule" is fatally flawed by the terms of both 28 U.S.C. § 2255 (f) and Supreme Court Rule 13.3. The essential element missing in the construction of Petitioner's house of sticks is that his case was never directly appealed. Where 2255(f) refers simply to "the date on which the judgment of conviction becomes final, it speaks of the date upon which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review in a Court of Appeals. *See Adkins v. United States,* 204 F.3d 1086, 1089(11th Cir. 2000) (When no direct appeal is made, the judgment of conviction becomes final once "the opportunity for direct appeal of the judgment is exhausted."). *See also Clay v. United States,* 537 U.S. 522, 523, 123 S.Ct. 1072, 1074 (2003). Moreover, a defendant now has only 14[1] days after final judgment is entered in the District Court to file a Notice of Appeal. Fed.R.App.P.4(b)(1)(A). Foregoing proper filing of a Notice of Appeal begins the

---

[1] Federal Rule of Appellate Procedure 5(b)(1)(A), as amended effective December 1, 2009, extended the time for filing a Notice of Appeal in a criminal case from 10 to 14 days.

AEDPA 1 year period of limitation 14 days after judgment is entered in his case. *Id.* Petitioner Harris did not file a Notice of Appeal nor did he directly appeal his case in any other manner to the United States Court of Appeals for the Eleventh Circuit. Therefore, Harris's judgment became final 14 days from February 2, 2009, when it was entered upon his case docket, i.e., on February 26, 2009. Harris is not entitled to benefit of the 90 days provided by Supreme Court Rule 13.3 for [A] "petition for a writ of certiorari to review a judgement **in any case entered by . . . a United States Court of Appeals** is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." (emphasis added). Supreme Court Rule 13.3.

Petitioner Harris's judgment of conviction and sentence in the District Court became final on February 26, 2009, and his one-year statute of limitations began to run for filing a Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. The deadline for filing his § 2255 Motion was February 26, 2010. His belated correspondence with the Clerks Office in regard to a sentencing hearing transcript is of no consequence. Even if that personnel happend to be a lawyer, no Court Reporter or Deputy Clerk is authorized to give a petitioner legal advise.

The fact is, Petitioner Harris did not sign the § 2255 Motion which he filed until April 22, 2010, raising a presumption that he actually placed it for mailing in the hands of the appropriate prison officials. Even on that date his AEDPA statute of limitations had been expired for 57 days, at the least. The Eleventh Circuit Court of Appeals, citing *Powell v. Lennon,* 914 F. 2d 1459, 1463 (11th Cir. 1990), held in *Wayne v. Jarvis,* 197 F. 3d 1098, 1104 (11th Cir. 1999).

> "In the case of a pro se action... the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." But the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. "Liberal construction does not mean liberal deadlines."

# THE LAW

Title 28, U.S.C.§ 2255(f) provides:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
**(1)** the date on which the judgment of conviction becomes final;
**(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
**(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction. . . . Congress meant to streamline and simplify (the habeas corpus process)." *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998). In *Kaufmann v. United States,* 282 F.3d 1336, 1337 (11th Cir. 2002), the Court observed, "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides, *inter alia,* that a habeas petition *may not be filed* more than one year from 'the date on which the judgment becomes *final.'* 28 U.S.C. § 2255(1) (emphasis added)."

In *United States v. Locke*, 471 U.S. 84, 105 S.Ct. 1785, (1985), the Court ruled:

> The notion that a filing deadline can be complied with by filing something after the deadline falls due is . . . a notion without principle. If 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline; yet regardless of where the cutoff line is set, some individuals will always fall just on the

> other side of it. Filing deadlines, like statute of limitations, necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them, but if the concept of a filing deadline is to have any content, the deadline must be enforced.

*Id.,* 471 U.S. at 101, 105 S.Ct. at 1796. "A filing deadline cannot be complied with, substantially or otherwise by filing late – even one day." *Carlisle v. United States*, 517 U.S. 416, 430, 116 S.Ct. 1460 (1996). Petitioner Harris's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is 57 days time-barred by the AEDPA statute of limitations and should be summarily DENIED and DISMISSED.

**WHEREFORE, IT IS RECOMMENDED** that Petitioner's § 2255 Motion be DENIED and DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 28th day of April 2010.

　　　　　　　　　　　　　　　　**S/G. MALLON FAIRCLOTH**
　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**