# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL HARRIS, | * | |
| Petitioner, | * | |
| | | Case No. 4:10-CV-90078 CDL |
| vs. | * | 28 U.S.C. § 2255 |
| | | Case No. 4:07-CR-59 CDL |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ADDENDUM TO REPORT AND RECOMMENDATION

Report and Recommendation was filed in the above styled Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on April 28, 2010. (Doc. 108). That document concluded that Petitioner's § 2255 Motion (Doc. 106) was time-barred for being filed 57 days beyond the AEDPA one-year period of limitations. Petitioner alleged in his § 2255 motion that it was timely "as it is filed within one year plus 90 days of this Court's January 27, 2009 Sentencing order and as Petitioner did not file an appeal or a Petition for Writ of Certiorari with the U.S. Supreme Court." *Id.* at 3. Petitioner Harris mistakenly interpreted the holding in *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, (2003), to grant 90 days beyond the finality even of those judgments which were not directly appealed. He now concedes in his Objections (Doc. 109) that, "The Magistrate is right that the '90 day rule' only comes into effect when an appeal is first taken. *Clay v. U.S.,* 155 L.Ed.2d 89, 98." In his untimely § 2255 motion, Petitioner Harris relied on his mistaken *one-year plus 90 day rule* and made no assertion whatsoever of equitable tolling or a due

diligence effort to preserve his motion under 28 U.S.C. § 2255(f)(4). Only in his Objections to the Report and Recommendation does he assert a § 2255(f)(4) claim of having exercised *due diligence,* and he cites *Aron v. United States,* 291 F.3d 708 (11th Cir. 2002), for the proposition that a federal prisoner is entitled to an evidentiary hearing on the issue of whether he exercised due diligence in discovering his counsel's allegedly deficient failure to appeal his sentence. However, Petitioner Harris pleads in his untimely § 2255 motion that he knew at all times that his counsel was not going to file a direct appeal of his sentence. He states:

> Counsels error's were exacerbated following the [sentencing] hearing when Petitioner asked counsel to proceed and file a notice of appeal, but was then ***improperly*** advised by counsel that Petitioner had unconditionally waived his right to appeal when Petitioner entered into the Plea Agreement. Regardless as to whether Petitioner entered into a plea, counsel was required to file a notice of appeal when requested to do so by Petitioner. Counsel's failure to do so constitutes ineffective assistance of counsel. (emphasis added).

(Doc. 106 at 10). Petitioner cites no authority for this proposition and the record will disclose that counsel's advise was not improper. However, it is not necessary to argue with Petitioner Harris as to who said what and when. Circuit Judge Carnes, in *Aron,* 291 F.3d at 718, suggests:

> [A] district court is not required to rule on whether an asserted statute of statute of limitations bar applies if the § 2255 motion may be denied on other grounds. Sometimes it will be easier for a court to deny relief on the merits than to figure out the issues relating to the statute of limitations. Nothing in the statute prohibits a court from proceeding in that way, nor do the instructions we are issuing in this case.

2

A review of the claims in Petitioner's untimely § 2255 motion, indicates the wisdom of Judge Carnes' suggestion. Therefore, this court should determine the merits of Petitioner's claims. If his claims prove to be without merit upon the record, the time-bar cannot be avoided and/or his motion is otherwise without merit

### Petitioner's Claims

**I.** Petitioner Harris's basic claim, the claim upon which all of his other claims depend, is that **Petitioner was sentenced on the basis of false and incorrect information** [contained in the PreSentence Report (PSR)]. (Doc. 106 at 2).

Petitioner sets out his case as follows:

> On or about August 4, 2008, Petitioner entered a change of plea, entering a plea of guilty to Count 1 of the First Superseding Indictment. Defendant's plea of guilty was accepted by this Court and Petitioner was adjudged guilty.
> On or about August 4, 2008, Petitioner also entered into a formal signed Plea Agreement. ...
>
> On or about January 27, 2009, Petitioner was sentenced to **264** months incarceration followed by five (5) years of supervised release. This Court's announcement of sentence was preceded by hearing of objections to the PSR timely lodged by Petitioner, in particular Petitioner's objection to raising of Petitioner's criminal history category offense level from Criminal History Category I to Criminal History Category II, an increase that resulted in Petitioner's sentencing range being increased from **210-262** months to **235-293** months. ...
>
> Petitioner now files his § 2255 Motion disputing his designation to Criminal History Category II rather than a requested mid-point in Criminal History Category I, a difference estimated to be 28 months. Petitioner does not otherwise contest his sentence as he admits his guilt and that punishment was

3

> deserved. However, Petitioner contends that a sentence of **236** [months], the mid-point in the sentence range for Criminal History Category I, offense level 37 (**210-262** months), is more than sufficient punishment and that Petitioner should not be required to serve a length of sentence any longer than is required and that is fair and just. Petitioner submits that the imposed sentence of **264** months not only exceeds the facts but was based on clear error and miscalculation. (emphasis added).

*Id.* at 5. Petitioner first submits that this court committed plain error in concluding both that probation correctly calculated the criminal history category and in saying that, " it doesn't matter that a prior sentence was not served or executed; it doesn't matter that it was suspended." *Id.* at 6. Petitioner also points out on page 6 of his § 2255 motion that 18 pages of the Sentencing Hearing Transcript (Doc. 105) were consumed with arguments presented to the Court by Petitioner's counsel contesting probation's methodologies for calculating his criminal history category.

The PreSentence Investigation Report (PSR) prepared by the Probation Office in this case states Petitioner's offense of conviction as:

> Conspiracy to Possess With Intent to Distribute and to Distribute More Than Five Kilograms of Cocaine; 21 U.S.C. § § 846 i/c/w 21 U.S.C. § § 841(a)(1) and (b)(1)(A)(ii)(II); Class A Felony; Mandatory Minimum 10 Years to Life Imprisonment; $4,000,000 Fine: 5 Years Supervised Release

PSR at 1. After a recitation of the offense conduct and relevant base offense level guidelines, Probation reported at ¶ 40 of the PSR that Petitioner's base offense level and adjustment for role in the offense totaled **40**. However, the offense level was reduced by **2** levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and by and additional

4

**1** point for early acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b), resulting in a Total Offense Level of **37**. *See* ¶¶ 42-44.

Petitioner Harris's Criminal History Category was then calculated in the PSR by the Probation Office. No criminal history points were attributed for the offenses enumerated in ¶¶ 48 - 54. At ¶ 56 the PSR recited that on 7/09/95, at age 24, Petitioner Harris had been convicted, while represented by an attorney, of the offense Reckless Conduct in Case No. SC95CR4310, and received a sentence of 12 months probation and ordered to complete a Conditional Discharge Program. The PSR reported that according to court records in regard to this offense, the defendant endangered the safety of another person by disregarding the risk that his act of firing a .9mm handgun three times would cause harm to another. The PSR also reflected that, according to court records, Petitioner Harris had completed the terms and conditions of the Conditional Discharge Program on December 1, 1996. The PSR attributed **1** criminal history point for this offense pursuant to U.S.S.G. § 4A1.1(c), as shown in ¶ 56.

At Petitioner Harris's sentencing hearing on January 27, 2009, Petitioner's Attorney presented Petitioner's Objection to the **1** point criminal history attribution at ¶ 56, stating that:

> [t]he first objection was based on the fact that he had completed
> a first offender program ... [a]t that time, when he had this
> particular charge, he actually successfully completed the ...

The Court interrupted Attorney Webb and asked for a guideline reference for first offender treatment. Mr. Webb cited U.S.C. 4 A1.(j), [but he obviously meant to cite

5

U.S.S.G. § 4A1.2(j), which provides:

> Sentences for expunged convictions are not counted, but may be considered under § 4A1.3 (Adequacy of Criminal History Category).].

The Court asked Attorney Webb if he had any evidence that the conviction was expunged, or any evidence that Petitioner Harris had completed the First Offender Act sentence. Mr. Webb answered:

> The actual certified copy that we received from the State Court of Muscogee County indicated that he was to attend and complete it; and according to my client, he has completed **the conditional discharge program.** (emphasis added).

Sentencing Hearing Transcript/(Doc. 105 at 10, 11). Probation Officer Howard advised the Court that Petitioner Harris was not sentenced as a first offender according to the record she had, and the Court observed to Mr. Webb that the discharge program may be different from first offender treatment which results in expungement. *Id.* Further examination of the document from the State Court of Muscogee County, identified as Exhibit 1, did not disclose that it was a first offender sentence. Moreover, Probation officer Howard added:

> May I point out to the Court, in considering this matter, even if the Court determined that it was a first offender-type treatment, under 4A1.2(f), Diversionary Disposition, we are directed to assign a point count.

*Id.* at 11, 12, 13). U.S.S.G. § 4A1.2(f) provides:

> A diversionary disposition resulting from a finding or admission of guilt, or a plea of *nolo contendere,* in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if the conviction is not formally entered, except that diversion from a juvenile court

is not counted.

It must be noted that U.S.S.G. § 4A1.1(c) is exactly the guideline section shown at ¶ 56 of Petitioner's PSR. Probation's methodology was clearly according to the dictates of the U.S. Sentencing Guidelines Manual. The Court found no sufficient evidence to show an expungement as to the conviction enumerated in ¶ 56 and overruled Petitioner's objection. *Id.* at 15.

At ¶ 58 of the PSR, **1** Criminal History point was assessed for the charge of carrying a pistol without a license/permit on August 11, 1999, in Butler County, Alabama District Court, Case No. DC-99-1249 and sentenced to 30 days confinement, suspended, 24 months probation, and $286 in fine and fees. The PSR at ¶ 59 reveals that this offense was accompanied by several other charges. This entry with a **1** point assessment prompted Petitioner's second objection to the PSR. At the sentencing hearing Attorney Webb stated:

> The next objection, Your Honor, is concerning the carrying a pistol without a license, out of the District Court of Butler County. ... In this particular case, my client paid a speeding ticket; and the charges, according to his attorney at the time, was that the charges were going to be dismissed. He paid $188 in court costs and, at that point, the charges, in his opinion, were dismissed.

*Id.* at 15. Counsel presented his Exhibit 2 and upon examination it was determined that Petitioner Harris had actually received a 30 day suspended sentence, a fine, and court costs for the offense of carrying a pistol without a license. *Id.* at 17, 18, 20.

U.S.S.G. § 4A1.2(a)(3) provides:

7

> A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under 4A1.1(c).

Again, the Court overruled Petitioner's objection finding that the criminal history point for carrying a pistol without a license was properly calculated under U.S.S.G. § 4A1.1(c) in conjunction with U.S.S.G. § 4A1.2(a)(3). *Id.* at 20.

The PSR noted at ¶ 60 that Petitioner Harris had been convicted of Reckless Endangerment in Phenix City, Alabama on December 2, 1999, in Municipal Court Dkt. No. MC99-1605. Paragraph 61 of the PSR shows that this offense was charged on November 17, 1999, when Petitioner Harris was stopped at a Police checkpoint. When questioned about the names of other persons in his vehicle, Harris drove away at a high rate of speed. The PSR shows that, represented by counsel, Harris was convicted of Reckless Endangerment and sentenced to 6 months hard labor, but that sentence was also suspended upon payment of a fine. One (**1**) Criminal History point was assessed for that conviction.

Petitioner's objection to this **1** Criminal History point was that the charge should be considered as reckless driving under U.S.S.G. § 4A1.2(c)(1) with no Criminal History point assessed. The Court was advised by Probation Officer Howard that the offense was considered as a more serious offense under U.S.S.G. § 4A1.1(c) in conjunction with U.S.S.G. § 4A1.2(a)(3) which as noted in Petitioner's second objection above, provides no consideration for the suspension of the sentence. The Court found that the **1** point assessed was authorized under the referenced U.S. Sentencing Guideline sections and Petitioner's

8

third objection was overruled.

Petitioner Harris has shown no authority to support his contention that the PSR calculations were not authorized and correct. Harris simply argues that the charges could have been lesser. The charges were, in fact, authorized and correct. Therefore, Petitioner's argument that the Court erred in adopting the PSR with its *incorrect* Criminal History Category II calculation is without merit.

Petitioner's argues that misdemeanors and petty offenses are counted only if the sentence was for a term of probation of more than one year or a term of imprisonment of at least thirty days [ *see* U.S.S.G. § 4A1.2(c)(1)], because, as provided by U.S.S.G. § 4A1.2(b)(2), "If part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended." (Doc. 106 at 7). Petitioner fails to observe that the determination of a Criminal History Category deals with sentences other than sentences of imprisonment. Note that U.S.S.G. § 4A1.1(a) and (b) specify how criminal history points are calculated for "**prior sentences of imprisonment**," while § 4A1.1(c) specifies that **1** point is to be added for "**prior sentence**" not counted in (a) or (b), up to a total of **4** points. Petitioner's mistaken concept that his offenses counted at ¶ ¶ 56, 58, and 60 of the PSR should not have received **1** criminal history point each, because the suspensions thereof somehow eliminated attribution as a countable criminal offense is contradicted by U.S.S.G. § 4A1.2(a)(3)[1] and U.S.S.G. § 4A1.1(c), and is without merit.

---

[1] "A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under 4A1.1(c)."

**II.** Petitioner's claim that the Court erred in refusing his Motion for a Downward Departure, because the Court found that Petitioner's criminal history category was calculated in the PSR accurately and adequately stated Petitioner's criminal history and did not overstate it, is also based on Petitioner's mistaken determination that the PSR calculation was incorrect, when in fact it was not, as has been shown above. Therefore, Petitioner's claim here is based on the same false premise as are all of his claims, to wit., that the PSR Criminal History calculations were incorrect.

**III. A.** Petitioner's claim that his counsel did not know the sentencing guidelines applicable to Petitioner is base on his contention that:

> Because of sentencing counsel's lack of preparedness, probation's error in analyzing and this Court's error in adopting the improper calculation of probation were not properly challenged by Petitioner's sentencing counsel.

*Id.* at 9. Here again, Petitioner Harris has based this claim of ineffective assistance of counsel on the false premise that the PSR Criminal History Category was improperly calculated, which has been shown not to be the case under the Guidelines applicable to Petitioner's offenses. Therefore, Petitioner's claim that counsel did not properly challenge the PSR calculations, when the calculations proved to be correct, does not support his claim of ineffective assistance of counsel, nor does it show prejudice to Petitioner Harris, as required by the *Strickland* standard for testing ineffective assistance of counsel, which Harris has set out in his objections. This claim has no merit.

**III. B.** Petitioner claims that his counsel was unfamiliar with *U.S. v. Booker,* and improperly advised him regarding his right of appeal. Petitioner injects the false premise again into this claim as follows:

> Petitioner's sentencing counsel failed to understand the proper methodology for calculating and analyzing the Criminal History Category and allowed **said error** to be used to sentence Petitioner. The Agreement preserved Petitioner's right to appeal directly to the Court of Appeals if the District Court imposes a sentence that exceeds the advisory guideline range. (emphasis added).

*Id.* at 10. Again, the methodology used by Probation to prepare Petitioner's PSR was exactly by the book, the U.S. Guidelines Manual, as noted heretofore. There was no PSR error. Petitioner Harris works this false premise into his Plea Agreement waiver of appeal. Paragraph (3)(H) of Petitioner's Plea Agreement (Doc. 81) provides:

> ... once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of defendant's sentence in any court. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence. In the event defendant retains the right to a direct appeal, that right is limited to appealing sentencing issues only.

*Id.* at 4, 5. Since the PSR calculations have been shown to be correct, and Petitioner's Criminal History Category II is authorized as calculated, and the Court sentenced Petitioner Harris at the middle of the resultant sentence range, the Court did not exceed the advisory guideline range. Therefore, Petitioner Harris did not retain his right to appeal. The PSR

calculations being correct, and the Court not have exceeding the correct advisory sentencing guideline range, Petitioner Harris's counsel did not improperly advise him about his right of appeal. In fact, Counsel correctly advised him that he had unconditionally waived his right to appeal, the condition precedent to retaining the right to appeal, to wit., the Court imposing a sentence that exceeded the advisory guideline range, did not occur. Petitioner had no right to appeal, not even sentencing issues only.

**III. C.** Petitioner Harris claims here that his cousel failed to adequately investigate mitigating evidence during sentencing phase, in the face of the record of Counsel's objections, and his having obtained certified copies of Petitioner's convictions in question, and his arguments to the court in regard to minimizing the charges, speaks contrary to Petitioner's claim. The record shows that Petitioner Harris was caught, convicted (by guilty plea), and sentenced strictly according to authorized sentencing guidelines. Nonetheless, he is moved to make the frivolous claims of ineffective assistance of counsel for counsel's failure to have gotten him a lighter sentence. Petitioner does not suggest how that might have been done, but he asserts that his counsel should have done it. Petitioner Harris has not described ineffective assistance of counsel in this claim, nor does it appear that Harris or his counsel could have improved his sentence by any other conduct.

**III. D.** In this claim, Petitioner Harris asserts that his sentencing counsel properly objected to the PSR calculations, but should have also required Probation to explain it's methodology of analysis. Probation's methodology has been shown repeatedly to have been completely by the U.S. Sentencing Guidelines. Harris simply reasserts his claim that the

sentence computation was incorrect and inherently flawed. This conclusion does not further Harris's frivolous claim.

**III. E.** Petitioner claims here that his sentence results in a fundamental miscarriage of justice. He argues briefly that, "Petitioner was sentenced to additional time for misdemeanor offenses that should not have been counted pursuant to the U.S.S.G., resulting in a complete miscarriage of justice with exceptional circumstances to justify collateral relief under § 2255." (Doc. 106 at 12). The oft repeated contention that there was a miscalculation in the PSR, in the face of evidence to the contrary, makes this claim also frivolous.

**III.F.** Petitioner contends that his counsel's cumulative errors as a whole constitute ineffective assistance of counsel. He quotes from other cases, the extreme facts of which prompted extreme phrases, like "a context of the totality of circumstances render the reliability of the outcome beyound redemption," "counsel's dereliction and abdication of his duty to aggressively represent Petitioner's interest," and "errors of a sufficient gravity to undermine the fundamental fairness of his representation." However, in Harris's case, every single assertion of ineffective assistance of counsel has been dispelled by the record. More nor, particularly, any accumulation of errors which as a whole might constitute ineffective assistance of counsel is absurd in Harris's case. Petitioner's Motion is grossly lacking in substance, and all of his claims have been shown to be based on a false premise which results from his own incorrect interpretation of the U.S. Sentencing Guidelines.

**WHEREFORE, IT IS THE CONTINUING RECOMMENDATION** that Petitioner Harris's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be

DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 28th day of May 2010.

        **S/ G. MALLON FAIRCLOTH**
        **UNITED STATES MAGISTRATE JUDGE**